Scasserra *v.* Civil Service Commission.

Argued December 8, 1971, before President Judge Bowman and Judges Crumlish, Jr., and Kramer, sitting as a panel of three.

*Philip F. Scasserra,* appellant, for himself.

*Louis Kwall,* Special Assistant Attorney General, with him *S. Marx Leopold,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, February 2, 1972:

Philip F. Scasserra was appointed Caseworker Trainee by the Fayette County Board of Assistance, Department of Public Welfare, on October 22, 1970, for a probationary period of one year. On May 13, 1971, Scasserra received a letter from the executive director of the Board notifying him of immediate termination of his employment. Scasserra mailed a letter to the State Civil Service Commission requesting an appeal hearing on his removal. After timely notice, a hearing was held before the Commission on June 10, 1971, which was transcribed and made part of the record before the Court. On July 15, 1971, the Commission rendered an adjudication and order affirming Scasserra's dismissal. From that order, Scasserra filed a petition for allowance of appeal to this Court alleging procedural improprieties at the hearing before the Commission and asserting that his dismissal was based on unconstitutional discrimination proscribed by the Civil Service Act of August 5, 1941, P. L. 752, as amended by the Act of August 27, 1963, P. L. 1257, 71 P.S. §741.905a.

"[T]he right of a party to appeal, and the jurisdiction of this Court to hear this appeal, obtain from the

Administrative Agency Law, Act of June 4, 1945, P. L. 1388, as amended, 71 P.S. 1710.1, et seq. at §1710.51 (a)(43).

"Furthermore, the right of appeal by a party aggrieved, although limited by the Civil Service Act of August 5, 1941, as amended, 71 P.S. 741.951(c) has been expanded by §1710.47 of the Administrative Agency Law. The statute, inter alia, declares: 'Where an Act of Assembly expressly provides that there shall be no appeal from an adjudication of an agency, or that the adjudication of an agency shall be final or conclusive, or shall not be subject to review, . . . any person aggrieved by such an adjudication . . . may nevertheless appeal the same . . . to the Court of Common Pleas of Dauphin County.'

"The scope of review to be employed by our Court derives from the Administrative Agency Law, supra, 71 P.S. 1710.44, which states: 'The court to which the appeal is taken shall hear the appeal without a jury on the record certified by the agency. After hearing the court shall affirm the adjudication unless it shall find that the same is in violation of the constitutional rights of the appellant, or is not in accordance with law, . . . or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence'. The review then is not de novo but rather one which looks to error of law or abuse of discretion as the determinative criteria." *Corder v. Civil Service Commission,* 2 Pa. Commonwealth Ct. 462, 464-65, 279 A. 2d 368, 369-70 (1971).

As to *probationary* employees within the civil service system, our reviewing powers are even more limited. The Act states: "At any time during his probationary period, the appointing authority may remove an employe if in the opinion of the appointing authority the probation indicates that such employe is unable or

unwilling to perform his duties satisfactorily or that his dependability does not merit his continuance in the service." 71 P.S. §741.603.

However, a right to administrative and judicial review under the provisions of the Administrative Agency Law referred to above afford to an aggrieved probationary civil service employee a narrow right of appeal where discrimination is alleged.

As added by the Act of 1963, *supra,* Section 951 of the Act states: "*Any person* who is aggrieved by an alleged violation of Section 905.1 of this act [prohibiting discrimination in any phase of employment] may appeal in writing to the commission within twenty calendar days of the alleged violation. . . ." 71 P.S. §741.951(b) [Emphasis ours].

Speaking on the subject of the class of employees included under this section, our Supreme Court has said: "Surely, the legislative designation, 'any person,' in the context and purpose of this enactment, is broad enough to include not only regular, but also probationary employees." *Hunter v. Jones, Appellant,* 417 Pa. 372, 376, 207 A. 2d 784, 787 (1965). As to the specific test to be applied on appeal to the Commission, the Supreme Court added: "The rulings are alleged to be contradictory in holding that although appellees may not appeal the 'unsatisfactory work' determination of the *appointing authority,* nevertheless they are entitled to a hearing on the basis of alleged discrimination and to reinstatement if their dismissals are found to be based upon discriminatory factors. What the Act permits is for each appellee to challenge his dismissal by specifically reciting the basis underlying his claim of discrimination and thereafter factually substantiating that claim upon hearing. If the complainant cannot sustain his allegations of discrimination, then his dismissal must stand without any right of appeal as to

the validity of the determination of unsatisfactory work performance." 417 Pa. at 379, 207 A. 2d at 788-89.

Scasserra attempted to show that his removal was due to his prior criminal record, reports published in the local newspapers concerning his employment by the Board of Assistance and his receipt of welfare payments concurrently, and his failure to supply a doctor's excuse to his supervisor for an unauthorized one day absence which he contends he supplied.

The Commission reviewed these allegations at the hearing although it did not permit appellant to introduce certain affidavits concerning the alleged discriminatory remarks contained in the newspaper reports. We believe that the Commission properly refused the introduction of such affidavits where the affiants were readily available as witnesses under the Commission's subpoena power. The liberal rules of evidence relating to administrative agencies give such agencies broad discretion in admitting or excluding evidence, in any case, so that the exclusion of the subject affidavits does not here constitute a procedural defect. *See* 2 Davis, *Administrative Law Treatise,* §14.09 (1958).

On the basis of the evidence presented, the Commission reasoned that: "Appellant's supervisors were not in any way involved with the publication of the newspaper editorial and, hence, appellant's hostile attitude and actions toward them were improper. Appellant was a probationary employe. The probationary period is part of the examination process and provides an opportunity for an evaluation of such qualities as interpersonal relationship, attitude, and ability to accept supervision. The Commission finds that the appointing authority treated appellant in the same manner as they would have treated any other probationary employe in similar circumstances and has shown cause for his removal."

We conclude that there is sufficient evidence in the record to support the Commission's findings that there was no discrimination involved in appellant's dismissal. Accordingly, we enter the following

### ORDER

Now, February 2, 1972, the order of the State Civil Service Commission is hereby affirmed.