## Siegel *v.* Civil Service Commission.

Argued May 7, 1973, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*Steven E. Abraham,* with him *Jack E. Feinberg,* for
appellant.

*Glenn Gilman,* Assistant Attorney General, with
him *Michael von Moschzisker,* Deputy Attorney Gen-
eral, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, June 8, 1973:

By letter dated May 25, 1972, appellant was demoted[1] from his position as Youth Development Center Director III, in the Bureau of Youth Services, Office of Children and Youth, to Youth Development Center Director II, in the same Bureau and Office, and at the same salary, effective May 26, 1972. By letter dated June 1, 1972, he appealed this demotion to the State Civil Service Commission. A hearing was held on July 18, 1972, at 12:30 p.m., recessed from 1:05 p.m. to 2:20 p.m., and concluded at 7:00 p.m. The Commission entered its adjudication and order on November 30, 1972, affirming the action of the appointing authority. This appeal followed.

Appellant raises three questions in this appeal:

"1. Is the decision of the State Civil Service Commission that Appellant unsatisfactorily performed his duties supported by substantial evidence, or was this decision an abuse of discretion?

"2. Has Appellant been denied due process of law because the bulk of the hearing before the Civil Service Commission was heard by only one member of the three-member panel, who indicated that he did not understand what Appellant was attempting to prove, and also demonstrated animousity (sic) and dislike to Appellant's Counsel?

"3. Were the constitutional rights of the Appellant violated because the authority failed to place evidence on the record that the demotion of Appellant was improperly (sic) approved?"

We have reviewed the record and find that there is more than ample evidence to support all of the findings

---

[1] It is not clear whether this action can properly be classified as a demotion, since demotion is defined as a change to a position in a class carrying a lower maximum salary. This was not raised or argued and is not necessary for us to consider since we find that the action was proper.

of fact and conclusions of law. With the letter dated May 25, 1972, demoting the appellant, the Director of the Bureau of Youth Services included attachments of former correspondence which clearly outlined the basis for the dissatisfaction with appellant's performance. The Director testified at the hearing and supported all of the assertions made in the previous correspondence. The Commission saw fit to accept this testimony rather than that of appellant's witnesses. In this, it was completely within its prerogative. *Gibbs v. Civil Service Commission,* 3 Pa. Commonwealth Ct. 230, 281 A. 2d 170 (1971). We have examined with particular care the evidence with regard to the unsatisfactory rating given appellant by the Director. We are satisfied that the changes in the "checking" portion were changed prior to the report being submitted and as a result of consultation with others, because the Director wanted the checked portion to properly reflect the written memorandum which accompanied it. We might observe that the Director seemed to be properly genuinely concerned with doing the least damage to appellant's past good performance in prior positions while determining that the appellant was not properly performing in this position.

As to the second question on appeal, appellant challenges the Civil Service Commission's right to hold a hearing with less than a majority of the Commission present. Under the Civil Service Act, prior to its amendment in 1963, the Commission expressly had the right to have a hearing conducted by anyone it designated. Section 807(a) of the Act of August 5, 1941, P. L. 752. This express provision was deleted by Section 21 of the Act of August 27, 1963, P. L. 1257, which Act then added the current requirements for Civil Service hearings, now found in Section 951 of the Civil Service Act, 71 P.S. §741.951. However, Section 951 does not state that a hearing conducted by one Commissioner is not

a Commission hearing, nor does it state that the Commission may not designate an examiner to conduct the hearing. In this case, the hearing was conducted by a member of the Commission. In its adjudication, the Commission expressly states that the entire record of 215 pages was read by all Commissioners, as well as the brief submitted by counsel for appellant. Whether it continues to be discretionary for the Commission to appoint an examiner to conduct a hearing is not before us. We here decide that a hearing conducted by a Commissioner, the record of which is read and considered by the entire Commission, is a proper due process hearing under the Act and the Constitution.

We have examined the record with particular regard to whether the Commissioner conducting the hearing demonstrated any animosity or dislike for appellant's counsel. While the printed page does not disclose what inflection the voice might convey, nevertheless, viewing the entire record, we do not feel that appellant was given less than a complete and impartial hearing. Some of the remarks of the Commissioner might be considered inappropriate, but could equally be characterized as the to-be-expected response of what would be considered by many to have been provocation by counsel for appellant.

Finally, appellant argues that the record does not show that the action taken had the approval of the superiors of the Director of the Bureau of Youth Services. On the contrary, when the Director testified, he expressly stated: "Q. When was it that you made the decision that you were going to replace Mr. Siegel? A. If you are asking me when I made the decision to demote Mr. Siegel, that came about 30 days before the actual action was taken then I had to check it out with supervisors and so forth."

Accordingly, we enter the following

## ORDER

Now, June 8, 1973, the Order of the Civil Service Commission, in Appeal No. 1299, dated November 30, 1972, is hereby affirmed.