Philip F. **SCASSERRA**

v.

**PENNSYLVANIA STATE CIVIL SERV-ICE COMMISSION made up of the following: Chairman C. Herschel Jones, et al.**

**Civ. A. No. 73–359.**

United States District Court,
W. D. Pennsylvania.

July 25, 1973.

Philip F. Scasserra, in pro. per.

Donetta W. Ambrose, Asst. Atty. Gen., Pittsburgh, Pa., for defendants.

## MEMORANDUM AND ORDER

SNYDER, District Judge.

Plaintiff, Philip F. Scasserra, in propria persona, filed a "Complaint in Action for Violation of Constitutional Rights and for Conspiracy to Violate Civil Rights" alleging jurisdiction in this court under the due process and equal protection clause of the Fourteenth Amendment to the Constitution of the United States, and pursuant to 28 U.S.C.A. Section 1343 [1], 42 U.S.C.A. Sec-

---

1. Section 1343. Civil rights and elective franchise.

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in fur-

tion 1983 [2], and 42 U.S.C.A. Section 1985. [3]

The complaint primarily concerned the manner in which the Pennsylvania State Civil Service Commission allegedly violated the plaintiff's rights in handling his appeal from dismissal of employment as a Case Worker Trainee by the Fayette County Board of Assistance. In Count One of his complaint, the plaintiff

therance of any conspiracy mentioned in section 1985 of Title 42;

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote. June 25, 1948, c. 646, 62 Stat. 932; Sept. 3, 1954, c. 1263 § 42, 68 Stat. 1241; Sept. 9, 1957, Pub.L. 85–315, Part III, § 121, 71 Stat. 637.

2. Section 1983. Civil action for deprivation of rights.

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3. Section 1985. Conspiracy to interfere with civil rights—Preventing officer from performing duties.

(1) If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or. holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

Obstructing justice; intimidating party, witness or juror

(2) If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such a juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

Depriving persons of rights or privileges

(3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

**512**

makes numerous allegations concerning the practices of the Pennsylvania State Civil Service Commission in refusing to submit into the record certain sworn affidavits supporting charges of discrimination after refusing plaintiff permission to subpoena more than four witnesses, and "permitted Appellee's attorney to whisper into the ear of a sworn witness subpoenaed and called by the plaintiff". In addition, it is claimed that the appellant's adjudication involved an excess in the exercise of the Commission's powers, irregularities in proceedings, and "unconstitutional deprivations of plaintiff's rights where said Adjudication and Order sets forth that plaintiff did not present a doctor's excuse to his supervisor for one day sick leave when plaintiff did present a doctor's excuse to his supervisor for one day sick leave". Damages were asked in the sum of $40,000, an order was requested from this court to reverse the State Civil Service Commission's approval of the plaintiff's dismissal; punitive damages were asked and injunctive relief sought to insure future discontinuation of similar practices against the plaintiff; for an order compelling the Fayette County Board of Assistance to reinstate the plaintiff and for back wages from the date of removal to the date of reinstatement. In addition, there was a demand for the immediate separation from service of all persons holding positions in the classified service who violated any provisions of the Pennsylvania Civil Service Act or the rules made thereunder.

In Count Two of the complaint, the plaintiff alleged that the defendants conspired with each other, and possibly with others, to violate the plaintiff's civil service rights in not permitting him to subpoena more than four witnesses; in permitting an attorney to whisper into the ear of a sworn witness subpoenaed and called by the plaintiff; in rendering a final adjudication on the plaintiff's appeal on July 15, 1971, and not sending it to him until August 10, 1971 within two days of the expiration of a thirty day period allowed for appeal; in denying the plaintiff a transcript of the testimony taken at his hearing before the Commission; in making erroneous findings of fact. All the foregoing allegations are stated to be as a result of a conspiracy, and in this portion of the complaint the plaintiff asks judgment against the defendants, jointly or severally, in the amount of $60,000.

There then is a conclusory section of the complaint which asks for judgments against the defendants, jointly or severally, in the total amount of $100,000; prays that an order will issue reversing the Civil Service Commission's Adjudication and Order; requests punitive damages and injunctive relief to insure the future discontinuation of similar violations against the plaintiff by the defendants; requests an order to reinstate the plaintiff to employment as a Case Worker, permanent status, and to pay plaintiff compensatory back wages from the date of the removal to the date of his reinstatement; and demands immediate separation from the service of all persons holding a position in the classified service who, in this instant case, allegedly violated the provisions of the Civil Service Act and the rules made thereunder.

A brief examination of the history of the case shows that the plaintiff, Philip Scasserra, was appointed a Case Worker Trainee, on a probationary status, by the Fayette County Board of Assistance in October of 1970. Prior to the expiration of the probationary period, plaintiff was informed that his employment had been terminated because of unauthorized absence from work. The plaintiff appealed to the Civil Service Commission and the Commission dismissed the appeal, after hearing, and found that he had been removed for cause. On appeal to the Commonwealth Court, the decision of the Commission was upheld. Scasserra v. Pennsylvania State Civil Service Commission, 4 Pa.Cmwlth. 283, 287 A.2d 158 (1972). A petition for allowance of appeal to the Pennsylvania Supreme Court was denied on September 19, 1973.

Finally, a petition for certiorari to the United States Supreme Court was also denied in March of 1973.

On February 2, 1973, the plaintiff herein filed an action in this court (C.A. 73–107) against the Uniontown Newspapers, Inc., the members of the Fayette Board of Assistance, a member of the Bureau of Employment Security, and the members of the State Civil Service Commission (hereinafter called Commission). This was, also, a civil rights complaint pursuant to the same statutory sections as herein involved. The factual basis for that complaint also arose out of the same dismissal from his position with the Fayette County Board of Assistance. In addition to numerous other allegations, the plaintiff alleged in that proceeding as well, that the Fayette County Board of Assistance had unlawfully conspired to violate his right to equal protection of the law by removing him from his employment as a Case Worker Trainee. While there is greater specificity and detail in the present pleading, the alleged violation of civil rights are the same. That matter was argued before the Honorable Herbert P. Sorg, and in his order of April 19, 1973, Judge Sorg cited the decision of the Commonwealth Court and stated that those issues "are res judicata in that they have been litigated and adjudicated adversely to the plaintiff with respect to plaintiff's allegations of discrimination". Scasserra v. Uniontown Newspapers, Inc., et al (C.A. 73–107, April 19, 1973).

Plaintiff's present complaint at Civil Action 73–359 was filed May 3, 1973 and we can only conclude that the plaintiff filed this new action because of the dismissal of Count Two of the civil action at No. 73–107. The defendants have filed a motion to dismiss under Rule 12(b)(6) of the Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

After an independent review of the proceedings, the opinion of the Commonwealth Court, the record of the proceedings at Civil Action 73–107 and Civil Action 73–359, we hold that the plaintiff's complaint at Civil Action 73–359 must be dismissed.

The instant complaint is concerned with the same alleged irregularities in proceedings before the Commission which the plaintiff complained of in his appeal to the Commonwealth Court of Pennsylvania. Scasserra v. Pennsylvania State Civil Service Commission, *supra*. The Commonwealth Court's determination against the plaintiff may not be relitigated in this court. In the case of Rodes v. Municipal Authority of the Borough of Milford, 409 F.2d 16 (3d Cir. 1969) it was held that the Civil Rights Act may not be used as a device for federal review of a state judgment, or for litigating state claims cognizable only in the state court. In *Rodes*, the petitioner had problems concerning water rights and the transfer of a deed which plaintiff claimed had been given involuntarily. Relief was sought in the state court and after the petition to vacate judgment was dismissed, an appeal was taken to the Supreme Court and was later discontinued. The plaintiff, some time later, filed a civil rights action alleging that the Borough had wrongfully diverted her water supply. The District Court dismissed the complaint and the Circuit Court affirmed and stated:

"We have observed that the preparation of the complaint in this case and the perfection of this appeal have both been accomplished without the assistance of a lawyer. The appellant's kinswoman who has served as her "attorney in fact" has diligently expended much time and effort in this matter. However, the failure of the complaint to disclose any federal wrong indicates the wisdom of the district court's suggestion to the plaintiff that professional counsel should be retained, especially where, as here, the controversy has involved many transactions and no tenable theory of federal wrong is apparent."

As was stated in Philadelphia Transportation Co. v. Southeastern Pa. Transportation Authority, 282 F.Supp. 789 (E.D.Pa.1968) in a case involving a de-

**514**

claratory judgment proceeding in the District Court which alleged the same issues as were involved in a prior state action, the only difference being that in the federal action an alleged deprivation of property without due process of law was made, the District Court states as follows:

> "The present action is plainly barred by the final judgment in the state litigation, which is *res judicata* . . . it is clear that the plaintiff is seeking merely to relitigate the entire case in this Court, in the hope of a more favorable result. Needless to say, there is no jurisdiction in this Court to grant relief under these circumstances."

From a review of all the prior legal actions, the opinion of the Commonwealth Court and the prior order of Judge Sorg in Civil Action 73–107, we hold that the principle of res judicata applies to the instant complaint. There are no new issues of federal import which have been raised by the plaintiff and, therefore, the defendants' motion to dismiss the complaint will be granted.

Plaintiff's motion for production of documents would not be appropriate in light of our prior holdings and must, therefore, be denied.

An appropriate order will be entered.