Hazel M. Fleming, *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Appellee.

Argued December 6, 1973, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Andrew K. Parker,* with him *Parker & Cohen,* for appellant.

*Sidney V. Blecker,* Assistant Attorney General, with him *Marx S. Leopold,* Assistant Attorney General, and *Israel Packel,* Attorney General.

OPINION BY JUDGE CRUMLISH, JR., May 6, 1974:

This is an appeal from an Adjudication and Order of the Civil Service Commission, Commonwealth of Pennsylvania, sustaining the suspension and removal of Hazel M. Fleming (Fleming) as Licensed Practical Nurse I with Laurelton State School and Hospital.

On September 8, 1972, Fleming was suspended by letter for "incidents of unsatisfactory work performance which jeopardized the health and safety of the residents" of Laurelton State School and Hospital where she had been a probationary Licensed Nurse I since

entering Civil Service employment on or about April 17, 1972. On September 11, 1972, Fleming appealed her suspension to the Civil Service Commission (Commission). By letter dated September 18, 1972, Fleming was removed from her employment which was also appealed to the Commission the following day.

After hearing, the Commission sustained the suspension and removal of Fleming. Fleming now appeals to us.

We think it is important to mention that Fleming's appeal to the Commission was brought under provisions of Sections 905(a) and 951(b) of the Civil Service Act, Act of August 5, 1941, P.L. 752, as amended, 71 P.S. §741.1 which gives a probationary employee the right to a hearing to determine if her suspension or removal was based on discriminatory or other non-merit factors.

In such a situation, review of the Commission's action by the Commonwealth Court of Pennsylvania is limited to a determination of whether the adjudication violated the constitutional rights of the Appellant or was not in accordance with law, or that a finding of fact necessary to support the adjudication was not supported by substantial evidence. *Scasserra v. Civil Service Commission,* 4 Pa. Commonwealth Ct. 283, 287 A.2d 158 (1972); *Gibbs v. Civil Service Commission,* 3 Pa. Commonwealth Ct. 230, 281 A.2d 170 (1971).

Fleming initially contends that her suspension and dismissal was based on discriminatory and other non-merit criteria. Clearly the burden is hers to substantiate the charge, *Hunter v. Jones,* 417 Pa. 372, 207 A.2d 784 (1965), and a careful review of the record reveals that Fleming has failed to overcome this burden. Substantial if not overwhelming testimony supports the Commission's finding that Fleming's suspension and removal were based on unsatisfactory performance of her assigned nursing tasks and not on discriminatory or non-merit factors.

Fleming's second argument is that the incidents cited by the Appointing Authority as evidence of her unsatisfactory working procedures were "minor, isolated unrepeated instances of differing nursing procedures" which jeopardized no patient or resident and that citing these incidents as reasons to remove Fleming was arbitrary and capricious.

In dismissing this allegation, we will only comment that although the unsatisfactory nursing procedures of Fleming cited by the Appointing Authority did not cause actual physical harm to any patient, the potential for harm was real and therefore the acts can in no way be considered "minor." One small, inadvertent mistake or breakdown in standard recognized procedure could conceivably cost the life of a patient. The fact that no harmful consequences resulted from Fleming's admitted conduct cannot serve to justify or minimize their gravity. The Commission's determination that Fleming's removal was for just cause and was not based on an arbitrary and capricious selection of minor incidents is clearly supported by substantial evidence.

Finally, Fleming contends that the Commission did not act as a "body" as required by Section 203(2) of the Civil Service Act[1] in hearing and deciding her case, because the chairman who authored the final adjudication and order was neither present nor was she a member of the Commission at the time of the hearing. Again we find Fleming's argument unpersuasive.

We do not agree that Section 203(2) of the Civil Service Act required all members of the Commission

[1] Section 203(2) provides in part: "It shall be the duty of members of the commission *as a body*—

"(2) Upon request or on its own motion, as herein provided, in cases of demotion, furlough, suspension and removal to conduct investigations, hold public hearings, render decisions on appeal and record its findings and conclusions." (71 P.S. §741.203(2)) (Emphasis supplied.)

to be present at hearings in order to constitute a "body" of the Commission. This Section of the Act merely dictates that the Commission's decisions and actions must be adopted by the full Commission.

The issue at hand has been decided in *Siegel v. Civil Service Commission,* 9 Pa. Commonwealth Ct. 256, 305 A.2d 736 (1973), when this Court, per Judge WILKINSON, determined that the Civil Service Act does not require that hearings be conducted before the full commission. Due process was satisfied if the hearing was held before one Commissioner, with the other members subsequently reviewing the testimony before an adjudication is published. *See also Foley Brothers, Inc. v. Commonwealth,* 400 Pa. 584, 163 A.2d 80 (1960).

Here Grace S. Hatch, the Commissioner who was not present at the hearing, wrote in her adjudication that she had reviewed the entire record and had read the Fleming brief before drafting the Adjudication and Order. Therefore Fleming was afforded a fair and adequate hearing in accordance with the provisions of the Civil Service Act.

Accordingly we enter the following

ORDER

AND NOW, this 6th day of May, 1974, the Order of the Civil Service Commission dated April 3, 1973, is hereby affirmed.