City of Duquesne Civil Service Commission, Appellant, *v.* Bernard Ballough, Appellee.

Argued November 8, 1974, before Judges CRUMLISH, JR., KRAMER and MENCER, sitting as a panel of three.

*Norman M. Bartko,* for appellant.

*John J. Kirk,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., December 16, 1974:

The Court of Common Pleas of Allegheny County sustained an appeal by Bernard Ballough (Appellee)

from the determination of the Civil Service Commission of the City of Duquesne (Commission) which upheld the reduction in rank of Appellee, a fireman in the City of Duquesne, from the position of Driver 1 to Hoseman. On January 16, 1972, Appellee was dismissed from the position of Driver 1 and demoted to Hoseman by letter from the Director of the Fire Department (Department). The Commission on appeal from the Department's determination, convened a hearing with three members presiding, but did not make a formal record. On appeal to the Court of Common Pleas, the court remanded the proceedings to the Commission for the purposes of making a record, and upon remand with one Commissioner sitting, a record was made. The Commission again sustained the reduction in rank, the Court of Common Pleas again reversed the Commission, and this appeal followed.

Underlying the Commission's rejection of Appellee's appeal was the rationale that he was outside the protective scope of the Fireman's Civil Service Act (Act), Act of May 31, 1933, P. L. 1108, *as amended*, 53 P.S. §39861 et seq., because promotions of Appellee to the ranks of Driver 2 and Driver 1 were invalid in that appropriate examination procedures[1] required under the Act were not followed. Since the Civil Service Examinations are conditions precedent to these promotions, the Commission concluded that Appellee was not entitled to assert the protection of the "just cause requirement"[2] of the Act.

---

[1] The record indicates Appellee never took the requisite Civil Service exams for advancement to the respective levels of Driver 2 and Driver 1. Section 8, 53 P.S. §39868 provides: "Promotions shall be based upon merit, to be ascertained by tests to be provided by the civil service commission . . . ."

[2] Section 10, 53 P.S. §39870 states: "No member of any fire department . . . subject to civil service within the terms of this act, shall be suspended for a period in excess of three days or removed,

On appeal to the Court of Common Pleas, the question of whether Appellee was or was not subject to the just cause requirement was never reached since the court found that two procedural deficiencies which had occurred before the Commission were sufficient to sustain the appeal. Because we are in agreement with the court below on the question of these procedural irregularities, we too do not reach the just cause issue.

Initially, the court below held that the Commission had failed to observe the notification requirements of Section 10, 53 P.S. §39870, which states, *inter alia*: "No member of any fire department . . . , subject to civil service within the terms of this act, shall be suspended for a period in excess of three days or removed, discharged, or reduced in rank or pay except for just cause, which shall not be religious or political, nor, in any event, except in the case of a suspension, under conditions making the furnishing of a written statement impractical at that time, *until he shall have been furnished with a written statement of the reasons for such action.*" (Emphasis added.) We agree that notification was insufficient. Direct examination of Appellee disclosed that no reason for reassignment was given[3] as required

discharged or *reduced in rank* or pay *except for just cause*, . . . ." (Emphasis added.)

[3] "Q. When were you given notice that you had been demoted? A. I would say approximately January 15, 1972, I was told to go into the Chief's office, there is a letter waiting on his desk for me. I picked the letter up, it had my name on it, no stamp, nothing, no postmark, and that was my notice of my being reassigned from a Driver to a Hose Man. Q. You were reassigned from Number One Driver—A. From Number One Driver to a Hose Man. . . . Q. *Were any reasons given for your reassignment or demotion? A. No sir. Q. Was any reason given to you other than by a letter—any oral reasons given to you? A. I received no written notice to that effect. Q. Did you receive any written or oral notice that you were being demoted for cause? A. No sir. Q. Or that you were not qualified or fit to continue to be a Number One Driver? A. No sir.*" (Emphasis added.)

by statute, thus resulting in a prejudicial procedural tack.

The more intriguing question, however, raised by this appeal is whether there has been conformance with Section 1.2, 53 P.S. §39861.2, which states: ". . . Two members of the board shall constitute a quorum necessary for the purpose of transaction of business of the board."

The record established that only one Commissioner sat at the second hearing during which the record was made. This is clearly in contravention of the statutory requirement that two members be present to transact Commission business. In the instant appeal, Appellee's counsel, in his opening remarks before the Commission, did agree to allow Chairman Sudzina to preside alone, conditioned however, on the fact that the entire Commission would review the record when made.[4]

Here, we have a situation not unlike that raised in *Fleming v. Commonwealth of Pennsylvania, State Civil Service Commission,* 13 Pa. Commonwealth Ct. 421, 319 A. 2d 185 (1974) and *Siegel v. Civil Service Commission,* 9 Pa. Commonwealth Ct. 256, 305 A. 2d 736 (1973), which construed similar quorum provisions. In *Siegel,* we stated "We here decide that a hearing conducted by *a* Commissioner, *the record of which is read and considered by the entire Commission,* is a proper due process hearing under the Act and the Constitution." *Siegel, supra,* 9 Pa. Commonwealth Ct. at 259, 305 A. 2d at 737 (Emphasis added.) Both *Siegel* and *Fleming* presented situations where the absent Commissioners stat-

---

[4] Counsel's remarks were, *inter alia*: "It is the position of Mr. Ballough that *he has no objection to the one member of the Commission hearing this testimony,* notwithstanding the fact that the other two members are not here, in view of the fact that the testimony is being officially transcribed and *shall be reviewed by the other members of the Civil Service Commission* and a decision rendered within 20 days from the transcript having been delivered to the Board, so that there is no objection." (Emphasis added.)

ed in the adjudication that they had read and considered the entire record and we held that the hearing conducted by a sole Commissioner was valid.

A review of the adjudication in this case leaves us in a perplexing dilemma as to whether the absent Commissioners did indeed review the record made in their absence. The only part of the adjudication which might lead to the conclusion that the two other Commissioners did review the record is the signature of one absent Commissioner and the noted dissent of the other which appeared at the end of the adjudication as follows:

"   (Signed)

---

Edward R. Sudzina, Chairman

"   (Signed)

---

Jules Micklo, Member

"Dr. Lester Botkin is of the opinion that the appeal should be sustained and BERNARD BALLOUGH restored to No. 1 Driver with reimbursement of all lost benefits."

We cannot say that the manifestations of the two absent Commissioners are sufficient to meet the requirements of *Fleming* and *Siegel*. There should be some showing of record beyond simple signature, especially in a case where these Commissioners were in attendance at the prior hearing. There is always the likelihood that the signature of Commissioner Micklo and the protestation of Commissioner Botkin were based on their recollections of the testimony adduced at the prior hearing. The rights of Appellee are too important to dismiss his Complaint when such uncertainty taints the Commission's findings. A simple one line enunciation of the Commissioner's basis for their positions would have obviated injustice to either side.

Consistent with the foregoing, we affirm the decision of the lower court.