Gerard J. Cunningham, Appellant, *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Appellee.

376

Argued January 9, 1975, before Judges CRUMLISH, JR., ROGERS, and BLATT, sitting as a panel of three.

*Mark B. Segal,* with him *Harold I. Goodman,* for appellant.

*Howard M. Holmes,* Assistant Attorney General, with him *Michael von Moschzisker,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, February 11, 1975:

Gerard J. Cunningham here appeals an adjudication and order of the State Civil Service Commission sustaining his removal from the position of Assistance Technician Trainee, probationary status, with the Delaware County Board of Assistance.

Appellant's probationary status employment began March 23, 1973. On May 9, 1973, by letter from the Department, he was removed from his job effective May 24, 1973 for "[t]otally unsatisfactory work performance, unacceptable work habits, and a total disregard for the dependability factor." Mr. Cunningham filed a timely appeal to the State Civil Service Commission alleging discrimination as the basis for his removal. After hearing, the Commission sustained the Department's action and Mr. Cunningham has appealed to this court.

We are limited in our review to the determinations of whether the Commission's adjudication is in accordance with law, constitutional rights were observed and necessary findings are supported by substantial evidence. *Fleming v. State Civil Service Commission,* 13 Pa. Commonwealth Ct. 421, 319 A.2d 185 (1974).

Section 804 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.804 (Supp. 1974-1975) (Act), provides that the "appointing authority may remove an employe from the classified service at any time before the expiration of probationary period." The basis for such removal is set forth in Section 603 (a) of the Act, *as amended,* 71 P.S. §741.603 (a) (Supp. 1974-1975): "At any time during his probationary period, the appointing authority may remove an employe if in the opinion of the appointing authority the probation indicates that such employe is unable or unwilling to perform his duties satisfactorily or that his dependability does not merit his continuance in the service. . . ."

Thus, the probationary status civil service employe does not enjoy the job security afforded persons on regular status, who may be removed only for just cause.[1] However, administrative and judicial review is available to a probationary status employe who has received notice of

---

1. Section 807 of the Act, *as amended,* 71 P.S. §741.807 (Supp. 1974-1975).

removal when, as here, he alleges that his removal was based upon discrimination "because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors." Section 905.1, *as amended*, 71 P.S. §741.905(a) (Supp. 1974-1975). If the probationary status employe fails to sustain his charge of discrimination, his dismissal stands without consideration of the validity of the determination of unsatisfactory work performance. *Hunter v. Jones*, 417 Pa. 372, 379, 207 A.2d 784, 787 (1965). *Accord: Scasserra v. Civil Service Commission*, 4 Pa. Commonwealth Ct. 283, 286-287, 287 A.2d 158, 160 (1972).

The appellant here asserts that his removal was because of the non-merit and discriminatory factor of prejudice against him as a former drug user. The burden of proving the charge of discrimination was on the appellant. *Fleming v. State Civil Service Commission, supra,* 13 Pa. Commonwealth Ct. at 423, 319 A.2d at 187.

Appellant offered his own testimony and that of two co-trainees as to the positive quality of his work, his ability to get along well with others and various incidents which characterized the allegedly unfair and discriminatory treatment he received from his superior, Mrs. Emmi. During one such incident, on April 5, 1973, when appellant and another trainee were using a State automobile to do field work, Mrs. Emmi, late in the day, expressed her concern to other trainees that the two had not yet returned with the car and remarked that the appellant had a prior history of drug use. On the basis of this and other incidents, appellant argues that his removal was predicated on the discriminatory non-merit factor of Mrs. Emmi's dislike or distrust of him due to her knowledge of his prior drug usage.

The appellant called Mrs. Emmi as his own witness and she testified extensively and emphatically that the removal was based solely on appellant's unsatisfactory

work. "Subject to certain well-defined exceptions such as surprise and hostility, . . . a party who calls a witness stands behind his credibility and the truth of his assertions." *Commonwealth v. White,* 447 Pa. 331, 338, 290 A.2d 246, 250 (1972). The appellant is bound by Mrs. Emmi's testimony and cannot validly complain that the Commission chose to accept it as credible.[2]

Appellant also contends that the Commission's refusal to admit evidence offered by him prevented the full presentation of his case. After a thorough examination of the record, we find this contention to be without merit.

### ORDER

AND NOW, this 11th day of February, 1975, the Adjudication and Order of the Civil Service Commission, dated August 27, 1973, dismissing the appeal of Gerard J. Cunningham and sustaining his removal by the Department of Public Welfare from his position as Assistance Technician Trainee, probationary status, is affirmed.

---

2. In response to a reminder by the Commission that appellant would be bound by Mrs. Emmi's testimony, appellant's counsel said: "That is quite correct." Had Mrs. Emmi been called as of cross-examination the appellant would have been at liberty to point up the favorable aspects of her testimony and to discredit and refute the unfavorable aspects of her testimony. *Piwoz v Iannocone,* 406 Pa. 588, 178 A.2d 707 (1962). *See* Act of May 23, 1887, P.L. 158, §7, 28 P.S. §381. There was not, nor could there have been, a plea of surprise or of unexpected hostility.