Paul W. Smith *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board.
Paul W. Smith, Appellant.

Argued December 10, 1976, before Judges CRUM-
LISH, JR., MENCER and BLATT, sitting as a panel of
three.

*Germaine Ingram,* with her *Harold I. Goodman,*
for appellant.

*David Shotel,* Assistant Attorney General, with
him *Harry Bowytz,* Assistant Attorney General, and
*Robert P. Kane,* Attorney General, for appellee.

Opinion by Judge Crumlish, Jr., January 26, 1977:

Paul W. Smith, who has at times also identified himself as Obokka Kalamann-Bey (Appellant), appeals the order of the State Civil Service Commission (Commission) which affirmed the Liquor Control Board's (LCB) removal of him as liquor store clerk, probationary status. The facts as found by the Commission are as follows:

Appellant was removed effective Friday, October 31, 1975, from his position as probationary clerk for failure to perform to an acceptable degree of competence the duties of such a clerk and insubordinate behavior and improper attitude. The Commission further found that Appellant disrupted training sessions by objecting to the interpretation of the training manager as to the meaning of sick leave; objecting to time off for family death; and objecting to regulations prohibiting outside employment. And finally, it was found as fact that Appellant was denied a name tag reading Obokka notwithstanding the fact that the name on his employment application was listed as "Paul Smith."

Appellant contended at hearing that the dismissal was based upon discriminatory and non-merit factors; however, the Commission concluded as a matter of law to the contrary.

Two issues are raised by Appellant in the instant appeal, to wit:

1. Does the record in this case support an adjudication that Appellant was properly removed from his position as a probationary employee with LCB for reasons which are job-related and do not involve non-merit factors?

2. Was Appellant improperly precluded from placing into the record an affidavit which showed that the reasons given by LCB for his removal were pretextual?

The law relative to our review of a Commission adjudication of removal of a probationary employee was most ably set out by Judge ROGERS in *Cunningham v. State Civil Service Commission,* 17 Pa. Commonwealth Ct. 375, 377-78, 332 A.2d 839, 840-41 (1975):

> We are limited in our review to the determinations of whether the Commission's adjudication is in accordance with law, constitutional rights were observed and necessary findings are supported by substantial evidence. Fleming v. State Civil Service Commission, 13 Pa. Commonwealth Ct. 421, 319 A.2d 185 (1974).
>
> Section 804 of the Civil Service Act, Act of August 5, 1941, P.L. 752, as amended, 71 P.S. §741.804 (Supp. 1974-1975) (Act), provides that the 'appointing authority may remove an employe from the classified service at any time before the expiration of probationary period.' The basis for such removal is set forth in Section 603(a) of the Act, as amended, 71 P.S. §741.603(a)(Supp. 1974-1975): 'At any time during his probationary period, the appointing authority may remove an employe if in the opinion of the appointing authority the probation indicates that such employe *is unable or unwilling to perform his duties satisfactorily or that his dependability does not merit his continuance in the service....*'
>
> Thus the probationary status civil service employe does not enjoy the job security afforded persons on regular status, who may be removed only for just cause. However, administrative and judicial review is available to a probationary status employe who has received notice of removal when, as here, he alleges

that his removal was based upon discrimination 'because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors.' Section 905.1, as amended, 71 P.S. §741.905(a) (Supp. 1974-1975). If the probationary status employe fails to sustain his charge of discrimination, his dismissal stands without consideration of the validity of the determination of unsatisfactory work performance. Hunter v. Jones, 417 Pa. 372, 379, 207 A.2d 784, 787 (1965). Accord: Scasserra v. Civil Service Commission, 4 Pa. Commonwealth Ct. 283, 286-287, 287 A.2d 158, 160 (1972).

The appellant here asserts that his removal was because of the non-merit and discriminatory factor of prejudice against him as a former drug user. The burden of proving the charge of discrimination was on the appellant. Fleming v. State Civil Service Commission, supra, 13 Pa. Commonwealth Ct. at 423, 319 A.2d at 187. (Emphasis added.) (Footnote omitted.)

Thus, it is clear that Appellant had the burden of proving discrimination and we agree with the Commission that such burden was not carried. To the contrary, the record is devoid of any evidence of discrimination.

Appellant submits that his training manager's refusal to permit him to use his self-adopted alias "Obokka" on the name tag issued trainees somehow warrants a finding of discrimination. The record belies this conclusion. John L. Scott, training manager, with 16 years' experience, observed that Appellant exhibited a course of conduct inconsistent with an individual who would deal with the public as a clerk

in a liquor store, and stated that the name tag incident was but one incident leading him to this conclusion. Of 14 trainees classed as probationary employees, 12 were black, as is Appellant, and in fact, the training manager whose assertions led to the removal is black as well.

As previously stated, the record before us is lacking in any evidence supportive of a conclusion of discrimination necessary for the shouldering of Appellant's burden. The record is replete with substantial evidence showing Appellant's inability to restrain himself from outbursts, a failure and unwillingness to abide by rules and regulations and exhibitions of anger totally inconsistent with courtesy, restraint and the forbearance necessary for one dealing with the public on a daily basis in the position of retail sales clerk.

Considering all the evidence in the record, including the "catchall" complaint alleging discrimination, the Commission properly found the removal justified.

And finally, Appellant argues that the Commission erred in denying him the opportunity to introduce the affidavit of Albert Cohen, Appellant's probation officer, and on this basis, requests us to remand the record. Counsel for Appellant admitted that the affiant was living and not present because he had other appointments. Given this availability, exclusion of such hearsay was not error.

Consistent with the foregoing, we

ORDER

AND Now, this 26th day of January, 1977, the order of the Pennsylvania Civil Service Commission is hereby affirmed.