Commonwealth of Pennsylvania, Bureau of Correction, Petitioner v. Harvey E. Yancey, Respondent.

Argued May 2, 1984, before Judges WILLIAMS, JR., BARRY and PALLADINO, sitting as a panel of three.

*Amy Zapp*, Deputy General, with her, *Allen C. Warshaw*, Deputy Attorney General, and *LeRoy S. Zimmerman*, Attorney General, for petitioner.

*J. Jay Cooper, Goldberg, Evans & Katzman, P.C.*, for respondent.

OPINION BY JUDGE PALLADINO, September 13, 1984:

The Bureau of Correction (Bureau) appeals from a decision of the State Civil Service Commission (Commission) which sustained the appeal of Harvey E. Yancey (Respondent) from his dismissal, and ordered his reinstatement with backpay. For the reasons set forth below, we reverse the decision of the Commission.

Respondent was hired by the Bureau on September 8, 1982, as a Corrections Officer Trainee, probationary status, for the State Correctional Institution at Rockview. Respondent had been convicted of three drug-related offenses in 1968 and 1969, and was hired as part of the Bureau's program for hiring ex-offenders. As part of this program, the Bureau had a written policy prohibiting the hiring of any ex-offender who was unable to carry a gun. This policy incorporated a Pennsylvania statute barring persons convicted of certain felonies from carrying firearms.[1] Because Respondent was not convicted of the felonies covered by the Pennsylvania statute, the Bureau had no reason to question his eligibility as a candidate for the position. Respondent signed his employment oath on September 8, 1982, and started work on September 27, 1982.

---

[1] 18 Pa. C. S. §6105.

In response to a separate incident on September 25, 1982, which involved a corrections officer at another institute, the Bureau suspended Respondent's employment without pay on September 27, 1982, while it re-evaluated its program of hiring ex-offenders. At that point, the Bureau became aware of a federal statute prohibiting the carrying of firearms by persons convicted of any state or federal felony with a sentence in excess of one year.[2] This statute's prohibition was applicable to Respondent and several other probationary and regular corrections officers. In light of Respondent's inability to carry firearms, the Bureau, after conducting a hearing, removed Respondent from his position on October 12, 1982.[3] On November 1, 1982, the Bureau revised its written policy concerning the hiring of ex-offenders to refer specifically to the federal firearms prohibition.

Respondent appealed his removal to the Commission, which found that Respondent's inability to carry a gun was not a merit-related criteria. The Commission concluded that the Bureau had discriminated against Respondent on the basis of non-merit factors in violation of Section 905.1 of the Civil Service Act (Act).[4] The Commission also found that the Bureau had applied its policy against hiring ex-offenders unable to carry firearms retroactively against Respon-

---

[2] 18 U.S.C. app. §1202 (1968).

[3] The Bureau removed all probationary status corrections officers who were unable to carry firearms under the federal statute. Regular status corrections officers were assigned to positions which did not require an ability to carry firearms.

[4] Act of August 5, 1941, P.L. 752, *as amended,* added by Section 25 of the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.905a.

The Commission based its holding in part on the fact that the regular status corrections officers who were found to be disabled under the federal statute were not removed, but were assigned to duties which did not require them to carry firearms. The Commission found that the distinction between regular status employees

dent. The Commission ordered the Bureau to reinstate Respondent with backpay.

During the pendency of his appeal, Respondent was granted a dispensation by the federal government to carry firearms, and the Bureau rehired him. Therefore, the only portion of the Commission's decision remaining for our resolution in this appeal is the order of backpay.[5]

Section 603 of the Act[6] provides in part that

At any time during [the employe's] probationary period, the appointing authority may remove an employe if in the opinion of the appointing authority the probation indicates that such employe is unable or unwilling to perform his duties satisfactorily or that his dependability does not merit his continuance in the service.

Under Section 905.1 of the Act, a probationary employee may appeal his removal if he alleges discrimination because of non-merit factors.[7] *Norristown State Hospital v. Bruce,* 69 Pa. Commonwealth Ct. 298, 450 A.2d 1093 (1982). The burden is on the employee to prove his removal was based on such factors. *Dela-*

---

and probationary status employees was unfounded, and therefore discriminatory. In view of the fact that we hold this ability to carry firearms to be merit-related, the different treatment of regular status corrections officers was appropriate because they may only be removed for just cause, a standard different from, and stricter than, that applicable to probationary employees.

[5] The amount at issue in this case is apprxoimately $3,000.

[6] 71 P.S. §741.603.

[7] 71 P.S. §741.905a. This section states that

No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors.

*ware County Board of Assistance v. Balanow*, 63 Pa. Commonwealth Ct. 388, 437 A.2d 1312 (1981). The scope of our review is to determine whether constitutional rights were violated, an error of law was committed, or necessary findings of fact were unsupported by substantial evidence. *Id.*

The Bureau's main contention is that a corrections officer's ability to carry a firearm is merit-related. We agree. Although corrections officers generally do not carry firearms as part of the normal daily routine, in the event of an emergency, or upon assignment to the guard tower, the corrections officer must carry firearms.[8]

In light of these facts, we conclude that the Commission erred as a matter of law when it found that the ability to carry firearms was not a merit-related factor. Therefore, the Bureau's removal of Respondent was proper under Section 905.1 of the Act.

The second issue presented in this appeal is the question of retroactivity. The Bureau's policy preventing the hiring of ex-offenders unable to carry firearms was already in place at the time Respondent was hired. The fact that the Bureau did not realize that Respondent fell within the reach of that policy until after he was hired does not make the application of the policy retroactive. We therefore uphold the action of the Bureau in removing Respondent from his position.

Accordingly, the decision of the Commission reinstating Respondent with backpay is reversed.[9]

---

[8] *See* 37 Pa. Code §95.241.

[9] Although we are reversing the Commission's order of reinstatement, this will have no pragmatic effect on the employment of the Respondent, because during the pendency of the appeal, Respondent received federal dispensation, was given the right to carry firearms, and was rehired by the Bureau. We are not disturbing Respondent's current employment status with the Bureau.

ORDER

AND Now, September 13, 1984, the adjudication and order of the State Civil Service Commission, dated June 30, 1983, at Appeal No. 4241 is reversed.

---

DISSENTING OPINION BY JUDGE BARRY:

On September 27, 1982, when respondent reported for his first day of work, the Bureau of Corrections' policy regarding the hiring of ex-offenders as corrections officers prohibited the employment of persons who could not carry weapons under Pennsylvania state law. According to this policy, ex-offenders who had been convicted of a violent crime, murder, rape, aggravated assault, robbery, burglary, entering a building with intent to commit a crime, kidnapping, or attempting to commit any of these crimes were not to be hired as corrections officers.

Although an ex-offender, respondent had not been convicted of any of the above crimes and was, therefore, properly considered and subsequently hired as a corrections officer. After his first day of work, however, respondent was notified that due to events totally unrelated to his job performance, he was suspended pending a review of the Bureau's policy regarding the hiring of ex-offenders.

It was not until November 1, 1982, that the Bureau issued a *new* policy which prohibits the employment of persons who cannot carry weapons under *federal* law. This new policy is much broader and it includes ex-offenders who have been convicted of any of the following crimes:

1. Any felony punishable by a term of imprisonment in excess of one year;

2. Any misdemeanor punishable by a term of imprisonment in excess of two years; or

3. Any felony or misdemeanor, where an element of the crime involves a firearm or explosive.

Under this new policy respondent was rendered ineligible for the position of corrections officer and he was, therefore, dismissed.

Respondent, a probationary status civil employee, does not enjoy the job security which regular status employees enjoy, but he does have the right to appeal if his dismissal was based on non-merit factors. *Cunningham v. State Civil Service Commission,* 17 Pa. Commonwealth Ct. 375, 332 A.2d 839 (1975). It is then well within this Court's scope of review to determine, *inter alia,* whether his constitutional rights have been violated. *Fleming v. State Civil Service Commission,* 13 Pa. Commonwealth Ct. 421, 319 A.2d 185 (1974). Due process is a basic constitutional right which is required by Pennsylvania Constitution and the Fourteenth Amendment to the United States Constitution. *English v. North East Board of Education,* 22 Pa. Commonwealth Ct. 240, 348 A.2d 494 (1975). While this concept does not easily lend itself to exact definitions, this Court has stated that due process of law requires *fairness. Warren Sand & Gravel Co. Inc. v. Department of Environmental Resources,* 20 Pa. Commonwealth Ct. 186, 341 A.2d 556 (1975). It is patently unfair for the Bureau of Corrections to retroactively apply its new policy so as to render respondent ineligible for a position he was previously qualified to hold. The disqualification apparently was not so important, since the federal government waived it for respondent's benefit. While the Bureau's reasons for changing its policy may be reasonable and valid, the retroactive application of this new policy violates respondent's constitutional right to due process. The Bureau need not have fired respondent but could have

given him a position that did not require him to use a firearm.

Based on the foregoing, I dissent.