Commonwealth of Pennsylvania, Department of Health, Petitioner *v.* Hyacinth Graham, Respondent.

Hyacinth Graham, Petitioner *v.* Commonwealth of Pennsylvania, Department of Health, Respondent.

Argued February 2, 1981, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*Stephen D. Tompkins,* Assistant Attorney General, with him, *Reed Hamilton,* Chief Counsel, for Department of Health.

*Charles W. Johnston, Jr., Handler and Gerber,* P.C., for Hyacinth Graham.

OPINION BY JUDGE MENCER, April 10, 1981:

The Department of Health of the Commonwealth of Pennsylvania (Department) has appealed from an adjudication and order of the State Civil Service Commission (Commission) reinstating Hyacinth Graham (respondent) to her position as Public Health Executive III. Respondent has cross-appealed on the issue of back pay. We reverse the order of the Commission.

Respondent was removed from her probationary-status position by a letter dated March 30, 1979. She appealed to the Commission, alleging that she was removed on the basis of race and other nonmerit factors. The Commission determined that respondent was not removed for discriminatory reasons in violation of Section 905.1 of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* added by Section 25 of the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.905a. The Commission, however, found that the Department violated Section 603(a) of the Act, 71 P.S. §741.603(a), by failing to support its assertion of unsatisfactory performance.

The Commission clearly exceeded its authority by considering the validity of the Department's decision to terminate respondent for unsatisfactory work performance. Section 603(a) provides that "[a]t any time during his probationary period, the appointing authority may remove an employe if in the opinion of the appointing authority the probation indicates that such employe is unable or unwilling to perform his duties satisfactorily or that his dependability does not merit his continuance in the service." However, under the Act, a probationary civil service employee may seek administrative and judicial *review* of his

removal only where he alleges that such removal was based upon discrimination "because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors." Section 905.1 of the Act. If the probationary employee cannot sustain his allegations of discrimination, then his dismissal must stand without any right of appeal as to the validity of the determination of unsatisfactory work performance. *Hunter v. Jones*, 417 Pa. 372, 379, 207 A.2d 784, 788-89 (1965).

Respondent concedes that, once the Commission concluded that the removal was not discriminatorily effected by the Department, it lacked the authority to explore the reasonableness of the Department's judgment that respondent's performance was unsatisfactory. Respondent argues, however, that we should nevertheless affirm the order of the Commission, since her removal was discriminatorily effected in violation of the Act by utilizing nonmerit factors.[1]

It is not disputed that respondent was removed by the Secretary of Health solely on the basis of a performance evaluation report, without any further investigation. The report, submitted by respondent's immediate supervisor, gave respondent grades ranging from good to excellent in response to certain preprinted performance criteria. However, the written comments in the report were less favorable. For example, her supervisor commented that

[the respondent] oftimes [*sic*] exhibits inflexibility in recognizing individual needs of her program personnel and in the molding of a management style to better reflect meeting program needs. . . . Although [respondent] has more recently shown an effort to bring

---

[1] Respondent no longer contends on appeal that her removal was discriminatorily effected on the basis of race.

about stability in her Bureau, a great deal more work and concentration needs to be given in this total area and to the resolution of conflict and problems.

In view of the written comments accompanying the report, we cannot say that the Secretary dismissed respondent for "non-merit factors," even when taking into consideration the high grades she received for the preprinted criteria. We note that the Secretary testified that respondent's ratings were lower than those of other employees and that respondent has offered no explanation other than the report for her removal. It is not our province to weigh the sufficiency of the report as evidence of unsatisfactory performance or to substitute our judgment for that of the Department. *Brenner v. Jones,* 1 Pa. Commonwealth Ct. 347, 274 A.2d 773 (1971).

We cannot agree with respondent that a dismissal based on an insufficient number of merit factors is equivalent to a dismissal for "non-merit factors." If we accepted respondent's argument, we would be creating a quantitative standard for the removal of probationary employees. We refuse to follow this course. As long as the reasons for removal are job related and not tainted by discriminatory motives, the safeguards given in the Act to probationary employees are met.

ORDER

AND Now, this 10th day of April, 1981, the adjudication and order of the Civil Service Commission, dated January 8, 1980, directing the return to duty of Hyacinth Graham as Public Health Executive III, regular status, is reversed. The cross-appeal of Hyacinth Graham on the issue of back pay is hereby dismissed.

This decision was reached prior to the resignation of Judge WILKINSON, JR.