Norristown State Hospital, Department of Public Welfare, Petitioner *v.* Harry L. Bruce, Respondent.

Argued June 11, 1982, before Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Stanley Slipakoff,* Assistant Attorney General, for petitioner.

*Alli B. Majeed,* for respondent.

OPINION BY JUDGE DOYLE, October 6, 1982:

The Norristown State Hospital, Department of Public Welfare (Hospital), appeals here from an adjudication and order of the State Civil Service Commission (Commission) which sustained an appeal from a dismissal filed by Harry L. Bruce. For the reasons which follow, we will reverse.

Mr. Bruce was last employed as a Psychiatric Aide I, probationary status, at the Hospital, a position he held from October 22, 1979 until April 10, 1980 when he was dismissed for an alleged failure on his part to fully disclose his criminal conviction record on his

employment application. In response to this action, Mr. Bruce appealed to the Commission pursuant to both subsections (a) and (b) of Section 951 of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* added by Section 27 of the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.951, and a hearing on the matter was conducted on August 6, 1980. After evaluating the evidence adduced at this hearing, the Commission made the following pertinent findings of fact:

> 7. In addition to his Civil Service application, Appellant, on October 4, 1979, completed and submitted an application required by the appointing authority.

> 8. Question No. 27 on the appointing authority's application asks whether the applicant was ever convicted of a criminal offense.

> 10. Appellant answered "Yes" and noted a 1966 conviction for simple assault, a 1965 non-support conviction and a 1974 conviction for simple assault.

> 11. Appellant failed to include on the appointing authority form a 1962 conviction for disorderly conduct.

The Commission then noted that it believed that Mr. Bruce's only omission on his application was his 1962 disorderly conduct conviction, and concluded (1) that Mr. Bruce's omission did not constitute a "material basis for his removal[,]" (2) that Mr. Bruce's dismissal "was, in reality, due to some unstated reason[,]" and (3) that his dismissal was "discriminatory" and thus in violation of Section 905.1 of the Act, added by Section 25 of the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.905a. Accordingly, the Commission ordered the reinstatement of Mr. Bruce, and the present appeal followed.

Before this Court, the Hospital alleges that there is not substantial evidence of record to support the Commission's conclusion that Mr. Bruce's dismissal was discriminatorily based on non-merit factors. We agree.

Section 603(a) of the Act, 71 P.S. §741.603(a) provides in part that "[a]t any time during his probationary period, the appointing authority may remove an employe if in the opinion of the appointing authority the probation indicates that such employe is unable or unwilling to perform his duties satisfactorily or that his dependability does not merit his continuance in the service." "Thus, the probationary status civil service employe does not enjoy the job security afforded persons on regular status, who may be removed only for just cause." *Cunningham v. State Civil Service Commission,* 17 Pa. Commonwealth Ct. 375, 377, 332 A.2d 839, 840 (1975) (footnote deleted). A probationary employee may seek administrative and judicial review of his dismissal, however, if he alleges that the action was based upon discrimination "because of political or religious opinions or affiliations, because of labor union affiliations or because of race, national origin or other non-merit factors." Section 905.1 of the Act. To prevail on such a charge, a person challenging the adverse personnel action must first allege with specificity the underlying bases of the alleged discriminatory acts. *Hunter v. Jones,* 417 Pa. 372, 207 A.2d 784 (1965); *Tempero v. Department of Environmental Resources,* 44 Pa. Commonwealth Ct. 235, 403 A.2d 226 (1979). "[A]n employee must [then] affirmatively support any allegation of discrimination with specific evidence. . . ." *Butler v. State Civil Service Commission,* 57 Pa. Commonwealth Ct. 406, 408, 426 A.2d 239, 240 (1981); *Sienkiewicz v. Department of Public Welfare,*

53 Pa. Commonwealth Ct. 445, 417 A.2d 874 (1980); *Snipes v. Department of Public Welfare,* 46 Pa. Commonwealth Ct. 196, 405 A.2d 1366 (1979). Moreover, we have held that the submission of evidence by an employee on the question of whether there were a sufficient number of merit factors present to justify a dismissal will not satisfy this burden of proof since there is no quantitative standard for the removal of a probationary employee. *Department of Health v. Graham,* 58 Pa. Commonwealth Ct. 409, 427 A.2d 1279 (1981).

Turning to the case at hand, we initially note that the Commission's only finding with respect to discrimination was its statement that Mr. Bruce's dismissal "was, in reality, due to some unstated reason." This finding, in our view, is clearly insufficient to support the Commission's conclusion that Mr. Bruce's dismissal violated Section 905.1 of the Act since it fails to state with specificity the actual reason for Mr. Bruce's dismissal and whether or not the real reason for his dismissal was discriminatorily based on non-merit criteria. While we might ordinarily remand in a case such as this so that the Commission could make adequate findings of fact on these issues, we believe, after carefully reviewing the record in this case, that Mr. Bruce failed to meet his burden of proof as a matter of law.

Here, the only allegation of discrimination advanced by Mr. Bruce was his assertion on a preliminary inquiry form that he had been discriminated against because of his criminal record. At no point in the proceedings before the Commission, however, was there any evidence submitted indicating that Mr. Bruce had been treated any differently than other employes with similar criminal records. We also fail to see how it could be seriously argued that Mr.

Bruce's extensive arrest and conviction record would be a "non-merit criteria" even if the Commission were to find that his dismissal was based on this criminal record,[1] and not upon his employment application omissions. We therefore reverse the order of the Commission.

### ORDER

Now, October 6, 1982, the order of the State Civil Service Commission dated December 1, 1980, ordering the reinstatement of Harry L. Bruce to his position as a Psychiatric Aide I, probationary status, at the Norristown State Hospital, and awarding back pay, is reversed.

---

[1] The record shows that Mr. Bruce was arrested at least seventeen times. One of these arrests resulted in a conviction for "Burglary with Intent to Commit Murder" which was subsequently overturned by the Superior Court on the ground that the original indictment brought against Mr. Bruce had been improperly amended.