State Correctional Institution at Graterford, et al., Petitioners *v.* Cynthia Nelson, Respondent.

Argued May 6, 1985, before Judges ROGERS, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*Theodore G. Otto, III,* Assistant Counsel, for petitioners.

*Lorrie McKinley,* with her, *Harold I. Goodman,* for respondent.

OPINION BY JUDGE PALLADINO, January 17, 1986:

The State Correctional Institution at Graterford, Bureau of Correction (Graterford) appeals from an order of the State Civil Service Commission (Commission) reinstating the Respondent, Cynthia Nelson (Nelson), to her duties as Corrections Officer Trainee, probationary status, and reimbursing her for wages and emoluments she would otherwise have received from June 26, 1982 to the present. We reverse the order of the Commission.

Nelson was employed, from March 11, 1982 to June 26, 1982, as a Civil Service employee on probationary status. She underwent probationary training from April 19, 1982 to May 14, 1982, completing all training requirements except the .38 caliber handgun qualifying test, which she failed to pass. The handgun qualifying test was instituted just prior to the commencement of Nelson's employment. Trainees were afforded two opportunities to qualify with a handgun, with the pro-

viso that both attempts were to be made within the first nine months of employment. After she failed the first time, Nelson again tried to qualify approximately one month later, but again she failed and, as the Commission notes, she became the only member of her training class to be dismissed for failure to qualify. According to the findings of the Commission, Nelson was absent from class on the day trainees were orally informed that they had two opportunities to qualify within nine months. On the basis of these facts, the Commission found that Graterford had discriminated against Nelson.

On appeal to this Court, Graterford argues that the Commission's finding of fact number six, that Nelson was absent on the day trainees were orally informed that they had two opportunities to qualify in nine months, is not supported by substantial evidence and that, therefore, the Commission's order "must of necessity fall." Graterford also contends that any procedural irregularities present in the instant case are not sufficient, as a matter of law, to support a finding of discrimination.

In addressing these issues, we begin by noting that, where the party with the burden of proof has prevailed before the Commission, this Court's scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or necessary factual findings were unsupported by substantial evidence. *Delaware County Board of Assistance v. Balanow*, 63 Pa. Commonwealth Ct. 388, 392, 437 A.2d 1312, 1314 (1981).

With these guidelines in mind, after a careful review of the record we conclude that all of the Commission's factual findings, including finding of fact number six, are supported by substantial evidence. The record contains adequate evidence to support the

Commission's finding that Nelson was absent on a day when trainees were orally informed of the handgun qualification requirements. Graterford's training co-ordinator, who was one of Nelson's instructor's during the training period, testified that Nelson's absence was the reason he did not inform her of the qualification requirements. From this statement, the Commission could reasonably infer that Nelson was absent on a day when the other trainees were told of the requirements. This evidence, in conjunction with Nelson's consistent denial that she was ever informed of the nine-month time limit, is more than adequate to support the Commission's conclusion that Nelson lacked sufficient notice.[1]

While we accept the Commission's finding that Nelson lacked notice, we hold that there is not sufficient evidence on the record to support the Commission's conclusion that the appointing authority thereby discriminated against her. It is well settled that:

a probationary civil service employee may seek administrative and judicial review of his removal only where he alleges that such removal was based upon discrimination 'because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors.'

---

[1] While the Commission never made a specific finding of fact on the question of whether Nelson lacked notice of the handgun policy requirements, a finding that Nelson did lack notice is sufficiently made out in the Commission's discussion of the case. We caution the Commission, however, that it is the Commission's duty to make findings on all issues critical to the case, and this Court should not be burdened with having to infer critical findings from the decision. *Schmidt v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 55, 57, n.2, 453 A.2d 1088, 1089, n.2 (1983).

*Department of Health v. Graham,* 58 Pa. Common-wealth Ct. 409, 410-411, 427 A.2d 1279, 1280 (1981), *citing* Section 905.1 of the Civil Service Act[2] (Act).

In the case at bar, the Commission rejected Nelson's allegations that she had been discriminated against because of her race and sex, but it did find that the appointing authority had been "discriminatory in its procedure." This characterization of the appointing authority's procedure as discriminatory, however, is not supported by the evidence. Nelson's lack of notice does not support a finding of discrimination when the findings of fact indicate that it was Nelson's absence from class which led to her lack of notice. To charge Graterford with procedural discrimination under such circumstances is insupportable. Moreover, this Court has held that discrimination may not merely be inferred by the Commission, since there must be some affirmative support adduced to sustain the allegations of discrimination. *Sebastiani v. Department of Transportation,* 75 Pa. Commonwealth Ct. 602, 605, 462 A.2d 942, 944 (1983).

Nelson twice failed to pass the handgun qualifying test and, following the newly established policy, the appointing authority duly discharged her on merit-based grounds. For us to accept the Commission's inference that Nelson had been discriminated against, because she was absent from class and did not know she had nine months within which to qualify with a handgun, would be to stretch the word "discrimination" so far as to render it devoid of any workable meaning when applied to cases involving the discharge of probationary civil service employees. Accordingly, we reverse the order of the Commission.

---

[2] Act of August 5, 1941, P.L. 752, *as amended,* added by Section 25 of the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.905a.

## Order

And Now, January 17, 1986, the order of the State Civil Service Commission, dated January 26, 1983, at Appeal No. 4108 is reversed.

Judge MacPhail concurs in the result only.