506 A.2d 507

Wayne C. Wilkie, Petitioner *v.* State Correctional Institution at Graterford, Bureau of Correction, Respondent.

Submitted on briefs December 10, 1985, to Judges ROGERS and MACPHAIL, and Senior Judge BARBIERI, sitting as a panel of three.

*Luke F. McLaughlin, III, Reynolds, McLaughlin, Josel & Reynolds,* for petitioner.

*David B. Farney,* Assistant Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, March 18, 1986:

Wayne C. Wilkie (Petitioner) appeals here an order of the State Civil Service Commission (Commission) which dismissed his appeal of a demotion by the Bureau of Correction (Bureau) from his position as Corrections Officer II, probationary status, to Corrections Officer I, regular status at the State Correctional Institution at Graterford.[1] We affirm the Commission's order.

---

[1] The facts of this case are almost identical to those of a companion case, *Toland v. State Correctional Institution at Graterford, Bureau of Corrections,* 95 Pa. Commonwealth Ct. 634, 506 A.2d

The Commission made the following pertinent findings of fact:

1. By letter dated August 9, 1983, [Petitioner] ... was demoted from Corrections Officer II, probationary status, to Corrections Officer I, regular status, effective August 9, 1983, for failure to follow an order to sign an attendance roster.

. . . .

3. On July 29, 1983, the appointing authority [(Bureau)] conducted a training session on the subject of the institution's emergency plan.

4. At the beginning of the training session, the training supervisor explained to the trainees that their signatures were required on an attendance roster only for purpose [sic] of verifying that the employees had attended the training session.

5. Despite this explanation, [Petitioner] ... refused an order to sign the roster, believing that his signature would be an admission that he thoroughly understood all of the information presented in the training session.

504 (1986), except that Toland was suspended for five days whereas Petitioner was demoted. In the *Toland* opinion we noted that we would not find Toland's petition for review to be untimely filed — even though it had been mailed on February 27, 1984, more than thirty days after the execution date of the Commission's order, January 24, 1984. The reasoning found in the first footnote of the *Toland* opinion is applicable here where the execution date of the Commission's order was January 24, 1984 and Petitioner's petition for review was mailed on February 27, 1984.

Further, Petitioner's petition for review asks that we "reinstate your Petitioner with full rights and benefits as if said suspension had not occurred." Petitioner's brief addresses the issue of suspension. It is clear from the record that Petitioner was not suspended but was, rather, demoted.

6. Appointing authority policy provides that lawful orders are to be promptly obeyed, even if the employe questions the wisdom of the order; the employe may appeal the order at a later date.

*Wilkie v. State Correctional Institution at Graterford,* (Appeal No. 4713, State Civil Service Commission, Jan. 27, 1984), adjudication at 1-2.

Our discussion of this case must begin with a discussion of various sections of the Civil Service Act (Act).[2] There are several sections which deal with employees on probationary status. The relevant portion of Section 603 of the Act[3] provides:

(a) No appointment to a position in the classified service shall be deemed complete until after the expiration of a probationary period. The probationary period for each class of position shall be prescribed in the rules of the commission and shall in no case be less than six months or more than eighteen months. At such times during the probationary period, and in such manner as the director may require, the appointing authority shall report to the director his observation of the work of the employe and his judgment as to the willingness and ability of the employe to perform his duties satisfactorily and as to his dependability. At any time during his probationary period, the appointing authority may remove an employe if in the opinion of the appointing authority the probation indicates that such employe is unable or unwilling to per-

_____

[2] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§741.1-741.1005.

[3] 71 P.S. §741.603.

form his duties satisfactorily or that his dependability does not merit his continuance in the service.

Section 804 of the Act[4] deals with removal during probation:

> The appointing authority may remove an employe from the classified service at any time before the expiration of the probationary period. The person so removed shall be considered permanently separated from his position, but the director may, if he considers such action appropriate, place the name of the person thus removed on the employment list of the appropriate class for future certification to other appointing authorities.

Section 804.1[5] deals with the situation we have in the instant case, where an employee is on probationary status after being promoted and is subsequently demoted:

> If the probationary period has resulted from a promotion such removal shall not be from the classified service. A classified employe so removed during a probationary period, resulting from promotion, shall have the right to and shall be returned to the position or class held immediately prior to such promotion without necessity of appeal or hearing.

The meaning of this section for purposes of this case is that it makes clear that Petitioner was "removed" from his position and then returned to his old position. As a result, this Court's prior cases dealing with removals of probationary employees are applicable here.

In one such removal case, this Court noted that a civil service employee on probationary status does not

---

[4] 71 P.S. §741.804.
[5] 71 P.S. §741.804a.

enjoy the job security afforded persons on regular status, who may be removed only for just cause, but a probationary employee may seek administrative and judicial review of his dismissal only "if he alleges that the action was based on discrimination 'because of political or religious opinions or affiliations or because of labor union affiliations or because of race, national origin or other non-merit factors.' Section 905.1 of the Act.[6]" *Norristown State Hospital v. Bruce,* 69 Pa. Commonwealth Ct. 298, 301, 450 A.2d 1093, 1094 (1982). *See also State Correctional Institution at Graterford v. Nelson,* 94 Pa. Commonwealth Ct. 226, 503 A.2d 116 (1986); *Department of Health v. Graham,* 58 Pa. Commonwealth Ct. 409, 427 A.2d 1279 (1981).

Where, as here, an employee has failed to prevail before the Civil Service Commission on his discrimination claim, this Court's scope of review is limited to determining whether the Commission capriciously disregarded competent evidence. *Wagner v. Department of Transportation,* 76 Pa. Commonwealth Ct. 78, 463 A.2d 492 (1983). Further, the burden of going forward with evidence to support a discrimination claim lies with the civil service employee. *Id.;* 4 Pa. Code §105.16. We should also note that discrimination against a civil service employee cannot be inferred by the Commission, because there must be some affirmative evidentiary support presented to sustain allegations of discrimination. *Id.*

In the instant case, the Commission was correct in finding that the Bureau did not violate Section 905.1 of the Act. The removal of Petitioner was not based on a "non-merit" factor. In *Toland v. State Correctional Institution at Graterford, Bureau of Correction,* 95 Pa. Commonwealth Ct. 634, 506 A.2d 504 (1986), a com-

---

[6] 71 P.S. §741.905a.

panion to this case, we held that the Petitioner was suspended for good cause. Here, where we are dealing with a probationary employee who committed the same acts as Toland, we must conclude that those acts, if they can supply good cause to suspend a regular employee, certainly constitute a merit factor, thus precluding a finding of discrimination.

As in *Toland*, we accept the Commission's finding of fact that the Petitioner's training supervisor explained to the trainees that their signatures were required on the roster only for purposes of verifying their attendance. The training supervisor testified to this,[7] while Petitioner testified that the training supervisor told the trainees that the signatures were to authenticate familiarization with the emergency plan.[8] The Commission does not capriciously disregard evidence when it finds some testimony to be more credible than other testimony. *Meiler v. Department of Banking*, 58 Pa. Commonwealth Ct. 346, 427 A.2d 783 (1981). The Commission's finding supports a conclusion that the Petitioner could not have reasonably believed that his signature would indicate that he understood the plan. As such, Petitioner could not have reasonably believed that by signing the roster he would be breaking a Bureau rule that prohibits the misrepresentation of facts in any Bureau record. *See Toland*. The Commission's findings of fact support the conclusion that Petitioner was demoted on the basis of a merit factor.

Petitioner attempted to prove that he was discriminated against by presenting testimony of another training supervisor, not the one who trained him, who informed his trainees that by signing a similar roster they

---

[7] Notes of testimony of November 1, 1983 (N.T.) at 27.

[8] N.T. at 18-19.

were representing that they understood the emergency plan.[9] The Commission found that Petitioner's training supervisor never made such a statement to his trainees. We fail to see how the statements of another training supervisor to his trainees would support a finding of discrimination. We note that the only other trainee who refused to sign the roster after being ordered to do so, the petitioner in *Toland,* was suspended. This belies Petitioner's averments of discrimination.

We conclude that Petitioner failed to meet his burden of showing discrimination under Section 905.1 of the Act. The Commission's dismissal of Petitioner's appeal must be affirmed.

### ORDER

The order of the State Civil Service Commission, in appeal No. 4713, dated January 27, 1984, is hereby affirmed.

---

[9] N.T. at 11-13, 15.