552 A.2d 745

James Elmer, an individual, Appellant *v.* Board of Commissioners of Wilkins Township, Appellee.

Argued October 4, 1988, before Judges DOYLE, COLINS and PALLADINO, sitting as a panel of three.

Ronald P. Koerner, Gatz, Cohen, Segal & Koerner, for appellant.

Charles M. Means, with him, John M. Means, Markel, Schafer & Means, P.C., for appellee.

OPINION BY JUDGE PALLADINO, January 10, 1989:

James Elmer (Appellant) appeals an order of the Court of Common Pleas of Allegheny County (trial court) affirming the decision of the Board of Commissioners of Wilkins Township (Board) to deny Appellant permanent employment. We affirm.

Appellant was employed as a police officer by Wilkins Township on July 2, 1984. Pursuant to section 640 of The First Class Township Code (Code),[1] he was employed in a probationary capacity for a period of one year. By letter dated May 28, 1985 the Township Chief of Police recommended to the Board that Appellant not be retained on a permanent basis. The letter stated that the Police Chief found Appellant's performance less than acceptable in that he was neglectful and disobedient of orders. Township Exhibit No. 3.

---

[1] Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §55640. Section 640 provides in pertinent part:

All original appointments to any position in the police force or as paid operators of fire apparatus shall be for a probationary period of not less than six months and not more than one year, but during the probationary period an appointee may be dismissed only for a cause specified in section 637 of this subdivision. . . .

53 P.S. §55640.

At a public meeting held on June 10, 1985, the Board voted not to retain Appellant as a permanent employee. Appellant was not present at the meeting, but written notice of the Board's decision was delivered to him later on June 10th. Township Exhibit No. 2. By letter dated June 12, 1985, Appellant requested a hearing before the Board. Joint Exhibit No. 1. Appellant was kept on the payroll and continued to receive his full salary plus fringe benefits until July 2, 1985, the date on which his probationary appointment expired.

A hearing was held before the Board on August 14, 1985 at which the Police Chief's letter of May 28th and the Board's minutes of the June 10th meeting were introduced into evidence. Township Exhibits Nos. 1, 3. Although the Police Chief was present at the hearing, neither party called him as a witness. By decision dated October 14, 1985, the Board dismissed Appellant's appeal. Appellant appealed to the trial court, which affirmed the decision of the Board by order dated December 10, 1987.

On appeal to this court, Appellant presents two issues for our review: (1) whether the Board violated Appellant's due process rights by failing to present evidence at the hearing to support its determination, based upon the Police Chief's evaluation, that Appellant's job performance was unsatisfactory; and (2) whether the Board violated Appellant's due process rights by failing to conduct a pre-termination hearing.

### BURDEN OF PROOF

Section 640 of the Code provides in pertinent part: If at the close of a probationary period the conduct or fitness of the probationer has not been satisfactory to the township commissioners, the probationer shall be notified in writing that he will not receive a permanent appointment; oth-

erwise, his retention shall be equivalent to a permanent appointment.

53 P.S. §55640. Although the Code does not specifically provide for a hearing, the parties do not dispute that a probationary employee, who is rejected for a permanent appointment, has a sufficient property interest in his employment so as to be entitled to notice and opportunity for a hearing. *Roth v. Borough of Verona*, 74 Pa. Commonwealth Ct. 352, 460 A.2d 379 (1983).[2] However, the parties do *not* agree on their respective burdens of proof at such a hearing.

Appellant contends that the Board should bear the burden of proving the specific reasons or charges which underlie a determination that a probationary employee's performance on the job is not satisfactory. The Board asserts that it is only required to establish that the decision not to retain the probationary employee *was* based upon a finding that the employee's conduct or fitness was unsatisfactory. The Board argues that once this is demonstrated, the burden then shifts to the employee to show that the Board's decision was actually based upon some discriminatory, non-merit factor.

In similar cases, this court has considered the removal of a probationary employee from his job pursuant to section 603(a) of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.603(a).[3] In

---

[2] We recognize that *Roth* involved procedures under section 1186 of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. §46186, relating to probationary employees. However, the language in section 1186 of The Borough Code is nearly identical to section 640 of The First Class Township Code.

[3] Section 603(a) of the Civil Service Act provides that no appointment to a position in the classified service shall be deemed complete until after the expiration of a probationary period. This section also states that an appointing authority may remove a probationary employee during the probationary period if, in the

*Cunningham v. State Civil Service Commission,* 17 Pa. Commonwealth Ct. 375, 332 A.2d 839 (1975), we held that, under section 603(a), a probationary civil service employee does not enjoy the same job security as that afforded to regular status employees, who may only be dismissed for just cause. Accordingly, we have determined that a probationary employee may obtain administrative and judicial review of his removal where he alleges that his removal was based upon discrimination because of non-merit factors.[4] *Wilkie v. State Correctional Institution at Graterford,* 95 Pa. Commonwealth Ct. 627, 506 A.2d 507. (1986); *Norristown State Hospital v. Bruce,* 69 Pa. Commonwealth Ct. 298, 450 A.2d 1093 (1982). The burden of proving such discrimination is on the employee. *Wilkie.* "If the probationary status employe fails to sustain his charge of discrimination, his dismissal stands without consideration of the validity of the determination of unsatisfactory work performance." *Cunningham,* 17 Pa. Commonwealth Ct. at 378, 332 A.2d at 840-41 (citations omitted).

While we recognize that the above cases were decided under the provisions of the Civil Service Act rather than the Code, these cases provide guidance as to the appropriate standard of proof in this case. Accordingly,

---

opinion of the appointing authority, the probation indicates that the employee is unable or unwilling to perform his duties satisfactorily or that his dependability does not merit his continuance in the service. Section 603(b) provides that ten days prior to the expiration of the probationary period, the appointing authority shall notify the director in writing whether the employee's services have been satisfactory. If those services have been satisfactory, the employee shall become a classified service employee at the completion of the probationary period.

[4] Section 905a of the Civil Service Act prohibits discrimination against any person with respect to classified service because of political or religious opinions or affiliation, labor union affiliation, race, national origin, or other non-merit factors. 71 P.S. §741.905a.

we hold that, under the Code, the Board must show only that it has found Appellant's conduct or fitness as a probationary employee to be unsatisfactory. We decline to impose an additional requirement on the Board that it cite specific instances of conduct evidencing a lack of fitness.

With the above holding in mind, we turn now to the procedure followed in this case. At the hearing, the Board received the Police Chief's letter and the minutes of the Board's June 10th meeting in support of its finding that Appellant's performance was unsatisfactory. At this point, then, the burden shifted to Appellant to demonstrate that the Board's decision was motivated by non-merit discrimination. Appellant did not allege discrimination nor did he call the Police Chief as a witness to attempt to establish discrimination.[5] Appellant having failed to sustain his burden of proving discrimination, this court will not review the Board's judgment that Appellant's job performance was unsatisfactory.

## PRE-TERMINATION HEARING

Appellant next contends that the Board violated his due process rights by failing to hold a pre-termination hearing.[6] Appellant relies on *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985), in which the Supreme Court held that a tenured civil servant's due process rights are satisfied by a *pre*-termination opportunity to respond to allegations of misconduct along

---

[5] We note that section 647 of the Code expressly prohibits discrimination by any person against or in favor of any applicant or employee because of political or religious opinion or affiliation or because of race. 53 P.S. §55647.

[6] Section 553 of the Local Agency Law provides that "[n]o adjudication of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." 2 Pa. C. S. §553.

with post-termination administrative procedures under state law. In so holding, the Supreme Court balanced the employees' private interest in retaining employment, the governmental interest in prompt removal of unsatisfactory employees, the avoidance of administrative burdens, and the risk of erroneous termination.

However, *Loudermill* is distinguishable. The employees in *Loudermill* were *tenured* civil servants who could only be dismissed for cause. In contrast, Appellant was a *probationary* employee. As noted above, probationary employees do not enjoy the same job security or guarantee of continued employment as that enjoyed by tenured or permanent status employees. *Cunningham*. Thus, we conclude that *Loudermill* does not mandate a pre-termination hearing in this case. Appellant was provided with notice of the Board's decision as well as the opportunity for a post-termination hearing. Given the limited property interest in employment which a probationary employee possesses, the procedure followed in this case adequately protected that interest.

Accordingly, we affirm.

## ORDER

AND NOW, January 10, 1989, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.