618 A.2d 1206

**In re Appeal of Walter R. CARLSON, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 20, 1992.

Decided Dec. 18, 1992.

Joseph S. Hornack, for appellant.

Franklin L. Bialon, for appellee.

Before COLINS and KELLEY, JJ., and LORD, Senior Judge.

KELLEY, Judge.

On April 17, 1990, Walter Carlson applied to be a police officer in North Huntingdon Township, Westmoreland County, a township of the first class. The township's Civil Service Commission placed Carlson's name on the eligibility list. At a meeting of the township commissioners on August 27, 1990, the commissioners, by resolution, requested the Civil Service Commission to remove Carlson's name from the list. After reviewing information provided by the township commissioners, the Civil Service Commission removed Carlson's name from the eligibility list on August 31, 1990. Carlson appealed this action to the Civil Service Commission, which held a hearing, and subsequently upheld the decision to remove his name from the list. Carlson appealed to the Court of Common Pleas of Westmoreland County, which dismissed the appeal.

On appeal to this court, Carlson argues that his due process rights were violated when the Civil Service Commission (commission) removed his name from the eligibility list before conducting a hearing. He also argues that his due process rights were violated by the commission's failure to give adequate notice of the reasons for its action.

The relevant provisions of The First Class Township Code [1] with respect to the procedures for the placement on the eligibility list of applicants for the police force are section 637 [2] and section 638.[3]  Section 637 reads as follows:

The commission may refuse to examine or, if examined, may refuse to certify after examination as eligible, any applicant who is found to lack any of the minimum qualifications for examination prescribed in the rules and regulations adopted for the position or employment for which he has applied, or who is physically disabled and unfit for the performance of the duties of the position to which he seeks employment, or who is addicted to the habitual use of intoxicating liquors or narcotic drugs, or who has been guilty of any crime involving moral turpitude or of infamous or notoriously disgraceful conduct, or who has been dismissed from public service for delinquency or misconduct in office, or who is affiliated with any group whose politics or activities are subversive to the form of government set forth in the Constitution and laws of the United States and Pennsylvania.

If any applicant or person feels himself aggrieved by the action of the commission in refusing to examine him or to certify him as eligible after examination, the commission shall, at the request of such person, within ten (10) days appoint a time and place where he may appear personally and by counsel.  Whereupon, the commission shall then review its refusal to make such examination or certification and take such testimony as may be offered.  The decision of the commission shall be final.

Section 638 reads, in pertinent part:

Every position or employment in the police force or as paid operators of fire apparatus except that of chief of police or chief of the fire department or equivalent shall be filled only in the following manner: the township commissioners shall notify the commission of any vacancy which is to be

1. Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §§ 55101–58502.

2. 53 P.S. § 55637.

3. 53 P.S. § 55638.

filled and shall request the certification of a list of eligibles. The commission shall certify for each existing vacancy from the eligible list the names of three persons thereon who have received the highest average. The township commissioners shall, thereupon, with sole reference to the merits and fitness of the candidates, make an appointment from the three names certified *unless they make objections to the commission as to one or more of the persons so certified for any of the reasons stated in section 637 of this subdivision. Should such objections be sustained by the commission, as provided in said section, the commission shall thereupon strike the name of such person from the eligible list and certify the next highest name for each name stricken off.* As each subsequent vacancy occurs in the same or another position, precisely the same procedure shall be followed. (Emphasis added.)

Under § 637, the commission may refuse to examine an applicant or refuse to place an applicant's name on the eligibility list for one or more of the reasons listed in the first paragraph of that section. An applicant is entitled to a hearing pursuant to the second paragraph of § 637 *after* he has been aggrieved by the action of the commission.

■ The township commissioners are given the power under § 638 to object to a person on the eligibility list for any of the reasons listed in the first paragraph of § 637. Section 638 goes on to say that the commission may sustain the objections "as provided in said section ...", *i.e.*, as provided in § 637. This language gives an applicant the right to appeal to the commission if his name has been removed from the eligibility list. Because the language of § 638 defers to the procedures of § 637, the applicant is entitled to a hearing only *after* he has been aggrieved; *i.e.*, after his name has been removed from the list.

■ Despite the statutory language, Carlson argues that a hearing before removing a name from an eligibility list is required under constitutional due process principles as outlined in a Third Circuit case, *Stana v. School District of the City of Pittsburgh,* 775 F.2d 122 (3d Cir.1985). In *Stana,* an

applicant was effectively removed from an eligibility list after being on the list for more than a year when the school district of the City of Pittsburgh bypassed her name and filled a teaching position with a person who was not on the list. The Third Circuit panel held that Stana had a protectable property interest in remaining on the list and that she was entitled to a hearing before being removed from the list.

Although we are not bound by the Third Circuit, we also conclude that *Stana* is distinguishable. In that case the applicant had already attained a spot on the eligibility list and had remained on the list for quite some time. In the present case, it appears from the procedures outlined in the statute that the placement on the eligibility list is not *final* until the commissioners have had an opportunity to object. The fact that Stana was on the list for so long before being removed is a significantly distinguishable fact in the creation of a property interest in that she may have foregone other opportunities in anticipation of obtaining a position with the Pittsburgh school district. Most importantly, the holding of a hearing after Stana was effectively removed from the list would not afford her due process because the available position had already been filled.

We therefore hold that the commission did not deprive Carlson of his due process rights by not holding a hearing before his name was removed from the eligibility list.

██ Carlson also argues that due process was violated because he was not notified of the asserted reasons for the removal of his name until after the hearing was conducted. This argument is based on the fact that the commission, in a letter sent to Carlson before the hearing, stated that his name was being removed because (1) he was unfit for performance of the duties of the position and (2) he had a poor history of previous employment with the police department. In its final decision after the hearing, the commission stated that the reasons for removal were (1) infamous or notoriously disgrace-

ful conduct and (2) dismissal from public service for delinquency or misconduct in office.[4] All four of these reasons are explicitly listed in § 637 as justification for removal from the list. Carlson argues that he was unprepared to respond to the evidence presented against him at the hearing because of this change in the commission's reasoning.

The commission argues that Carlson's attorney did not object at the hearing to any of the evidence presented on the basis that it was inconsistent with the charges in the prehearing letter, and that Carlson has therefore waived this argument. We have reviewed the entire transcript of the hearing before the commission and we agree that Carlson has waived this argument by not objecting at the hearing. *Eber Appeal*, 52 Pa.Commonwealth Ct. 284, 415 A.2d 1253 (1980); Section 753 of the Local Agency Law, 2 Pa.C.S. § 753.

Accordingly, the order of the trial court dismissing Carlson's appeal is affirmed.

## ORDER

NOW, this 18th day of December, 1992, the order of the Court of Common Pleas of Westmoreland County, dated January 7, 1992, at No. 5625 of 1991, is affirmed.

---

4. The substance of the charges was that Carlson had twice been given the choice of resigning or being fired from police departments because of poor work performance, and that he had lied to his superiors about an accident with a police vehicle while previously employed as a part-time police officer with North Huntingdon Township.