IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bhagwan Aggarwal, : 
        Petitioner : 
  : 
  : 
      v. : No. 683 C.D. 2018
  : Submitted: October 5, 2018
State Civil Service Commission, : 
        Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT           FILED: January 23, 2019

Bhagwan Aggarwal, *pro se*, petitions for review of an adjudication of the State Civil Service Commission (Commission) that denied reconsideration of its decision to dismiss his challenge to his demotion by the Pennsylvania Department of Transportation (PennDOT). Aggarwal asserted that his demotion was discriminatory, but the Commission concluded that Aggarwal did not allege facts sufficient to state a claim of discrimination. Concluding that the Commission did not abuse its discretion in denying reconsideration, we affirm.

On October 21, 2017, PennDOT promoted Aggarwal to the position of a Management Analyst Supervisor, as a probationary employee for the first 180 days.[1] If removed before the end of the probationary period, Aggarwal would have the right to return to his prior position as a Management Analyst 2. Aggarwal Brief, Appendix D at 1.

---

[1] The promotion resulted in an increase in compensation from $25.05 per hour to $28.55 per hour.

On February 6, 2018, Aggarwal's supervisor, William Gipe, gave Aggarwal an unsatisfactory performance evaluation. On February 12, 2018, Aggarwal attended a pre-disciplinary conference at which Aggarwal learned he would be demoted because of his unsatisfactory job performance.

Aggarwal appealed to the Commission on February 13, 2018, claiming he had not been given sufficient time to prepare for his pre-disciplinary conference and not given specific examples of unsatisfactory performance. On the Commission's appeal form, Aggarwal checked the boxes marked "RACE" and "NATIONAL ORIGIN."[2] Certified Record (C.R.), Item No. 1, Part III. The form provided a space for a response to the question: "What actions(s) occurred which led you to believe you were discriminated against?" *Id*. Aggarwal responded as follows:

> My supervisor suddenly made negative comments on [my] performance on 01/26/2018, [for] the first time and wants [] to demote me to my previous Management Analyst 2 position. I believe he is doing this to me just after joining a white lady in my unit about three weeks ago. On 02/06/2018, he gave me [a] written unsatisfactory [Review]. My supervisor never provided me any coaching on my responsibilities, nor communicated goals or expectations. My supervisor did not enroll me in the training class that [was] available, and asked me to continue to take calls [involving] previous position, though, I requested to take that off because of [my] ongoing workload.

*Id*.

On March 26, 2018, the Commission dismissed Aggarwal's appeal without a hearing because his appeal did not state facts, which, if proven, would

---

2   Other choices, not selected, were Political Opinions/Affiliations; Religious Opinions/Affiliations; Labor Union Affiliations; Age; Sex; Disability; Violation of Civil Service Act/Rules; and Other Non-Merit Factors.

constitute discrimination. The Commission explained that a probationary employee has the burden to establish a claim of discrimination, and the allegations in Aggarwal's appeal did not meet this threshold burden.

On April 10, 2018, Aggarwal requested reconsideration. Therein, he complained that Gipe did not provide him with documentation of an unsatisfactory performance. In meetings, Anthony Reda, of Labor Relations, repeatedly asked Aggarwal the same questions. In addition, Aggarwal had to tell his reviewing officer, Diane Chamberlin, his version of the facts four times. Claiming that Reda and Chamberlin conspired with Gipe to demote him, Aggarwal stated as follows:

> I also believe my recruitment had an EEO [Equal Employment Opportunity] objective for the Management Analyst Supervisor position [and] when I was hired (as a diversity/minority candidate) that's why my supervisor … was reluctant to train or coach me on my responsibilities from the start and wanted me to fail so that he can demote me back, and justify the defeat [of] the EEO objective and Civil Service test eligibility. But when I did not [fail], he used the [Review] mechanism by giving discretionary bad ratings.

Reconsideration Request (supplementary sheet) at 2; C.R. Item No. 3 at 6.

On April 19, 2018, the Commission denied Aggarwal's request for reconsideration, and he petitioned for review to this Court. Before this Court, Aggarwal has raised one issue, *i.e.,* the Commission erred in holding he did not plead facts sufficient to state a case of discrimination.[3]

---

[3] This Court's review determines whether constitutional rights have been violated, whether an error of law was committed and whether the necessary findings of fact are supported by substantial evidence. *Williams v. State Civil Service Commission*, 811 A.2d 1090, 1092 n.1 (Pa. Cmwlth. 2002). An appellate court's scope and standard of review is deferential with respect to factual findings, but it is plenary on questions of law. *Pennsylvania Game Commission v. State Civil Service Commission (Toth)*, 747 A.2d 887, 891 n.9 (Pa. 2000).

As an initial matter, we consider the Commissions' threshold argument that Aggarwal's timely request for reconsideration did not toll the time for filing an appeal of the Commissions, underlying order. *See Muehleisen v. State Civil Service Commission*, 443 A.2d 867, 869 (Pa. Cmwlth. 1982) (petition for reconsideration does not operate to extend 30-day period for appeal of original order). Pennsylvania Rule of Appellate Procedure 1512(a)(1) provides that a "petition for review … shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." PA. R.A.P. 1512(a)(1). Because Aggarwal filed his petition for review on May 18, 2018, more than 30 days after the Commission dismissed his appeal, we agree with the Commission that Aggarwal cannot challenge the merits of the appeal's dismissal.

Nevertheless, Aggarwal has timely appealed the Commission's denial of reconsideration. Our review of a denial of reconsideration is narrow. An agency's denial of reconsideration "will only be reversed for an abuse of discretion." *Reck v. State Civil Service Commission*, 992 A.2d 977, 979 (Pa. Cmwlth. 2010).

A civil service employee in regular status may not be removed absent a showing of just cause, but a probationary employee may be removed for any reason so long as the removal is not discriminatory. *Smith v. Pennsylvania Liquor Control Board*, 368 A.2d 923, 924 (Pa. Cmwlth. 1977). In *Department of Health v. Graham*, 427 A.2d 1279 (Pa. Cmwlth. 1981), this Court considered whether the Commission exceeded its authority by reviewing an employer's decision to terminate a probationary employee for unsatisfactory work performance. We held that

> [a]s long as the reasons for removal are job related and not tainted by discriminatory motives, the safeguards given in the [Civil Service] Act to probationary employees are met.

4

*Id.* at 1281.  The probationary employee bears the burden of presenting evidence that would support a discrimination claim.  In *Wilkie v. State Correctional Institution at Graterford*, *Bureau of Correction*, 506 A.2d 507, 510 (Pa. Cmwlth. 1986), this Court held that "discrimination against a civil service employee cannot be inferred by the Commission, because there must be some affirmative evidentiary support presented to sustain allegations of discrimination."

Section 905.1 of the Civil Service Act[4] prohibits discrimination in employment and states:

> No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors.

71 P.S. §741.905a.  This Court has construed Section 905.1 as encompassing two types of discrimination claims: "traditional" and "technical." *Moore v. State Civil Service Commission (Department of Corrections)*, 922 A.2d 80, 85 (Pa. Cmwlth. 2007).  Traditional discrimination claims involve, *inter alia*, allegations of unfavorable treatment based upon race and national origin.  Technical discrimination encompasses claims based upon procedural violations of the Civil Service Act or its related regulations.  Aggarwal asserts a traditional discrimination claim.

Claims initiated under Section 905.1 of the Civil Service Act require the production of "sufficient evidence that, if believed and otherwise unexplained,

---

[4] Section 905.1 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, added by the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.905a.  Pursuant to Section 2 of the Act of June 28, 2018, P.L. 460, Section 905.1 will be repealed, effective March 28, 2019, due to consolidation of the Civil Service Act.

5

indicates that more likely than not discrimination has occurred…." *Moore,* 922 A.2d at 80 (quoting *Henderson v. Office of the Budget,* 560 A.2d 859, 863 (Pa. Cmwlth. 1989)). Section 951(b) of the Civil Service Act[5] permits an employee alleging discrimination to appeal his removal to the Commission. It states:

> Any person who is aggrieved by an alleged violation of section 905.1[, 71 P.S. §741.905a] of this act may appeal in writing to the commission within twenty calendar days of the alleged violation. Upon receipt of such notice of appeal, the commission shall promptly schedule and hold a public hearing.

71 P.S. §741.951(b). The Commission may, *sua sponte*, dismiss an appeal where the appeal itself does not state a claim under Section 905.1. *Craig v. State Civil Service Commission (Department of Environmental Protection)*, 800 A.2d 364, 365 (Pa. Cmlth. 2002). The Commission's regulation sets forth the information that is needed to state a claim of discrimination:

> (c) *Appeals alleging discrimination which do not include specific facts relating to discrimination may be dismissed.* Specific facts which should appear on the appeal form include:
>
> (1) The acts complained of.
>
> (2) How the treatment differs from treatment of others similarly situated.
>
> (3) When the acts occurred.
>
> (4) When and how the appellant first became aware of the alleged discrimination.

4 Pa. Code §105.12(c) (emphasis added).

---

[5] Added by the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.951. Pursuant to Section 2 of the Act of June 28, 2018, P.L. 460, Section 951 will be repealed, effective March 28, 2019, due to consolidation of the Civil Service Act.

Aggarwal argues that his appeal stated facts sufficient to state a claim of discrimination. The Commission responds that Aggarwal's appeal did not allege facts that, if proven, would establish discrimination. Further, Aggarwal must establish that the Commission abused its discretion by denying reconsideration, and his brief to this Court makes no such claim. Instead, Aggarwal argues the legal merits of the underlying case.

Aggarwal based his discrimination claim on the following averments: (1) Gipe overburdened him with work and provided little guidance; (2) Gipe's assignments required Aggarwal to work 10-hour days; (3) Gipe chastised him for not listening to a new employee (who was white); (4) Gipe's unsatisfactory performance review lacked explanation; and (5) Gipe used threatening and harassing supervision methods, such as having Aggarwal attend three meetings with Reda from Labor Relations without advance notice. Aggarwal Brief at 8-10, 12. He argues that Gipe's harassment "may be" based on "race or religion."[6] Aggarwal Brief at 21. He argues that the lack of constructive performance feedback constituted discrimination. In addition, Aggarwal believes his recruitment to the Management Analyst Supervisor position "might [have] had an EEO objective…." Aggarwal Brief at 18. Therefore, this "might be a reason" to explain discriminatory treatment. *Id*.

We hold that these claims did not establish discrimination. They show Employer's dissatisfaction with Aggarwal's job performance, but that is not reviewable in the case of a probationary employee. *Department of Health*, 427 A.2d at 1281.

---

[6] Aggarwal does not state his religious affiliation.

Aggarwal claims that because he never was given reasons for his unsatisfactory review, he was the victim of discrimination. This is unfounded because the performance review lists numerous reasons for the unsatisfactory rating. It criticizes Aggarwal's supervisory skills; his interpersonal communications; his failure to follow direction; and his refusal to moderate his approach to his staff, where he raised his voice and acted in an agitated manner, even after being coached. It notes that Aggarwal challenged Gipe's direction in front of subordinates; he criticized his staff employees in front of their co-workers; and did not listen to their suggestions. In short, the unsatisfactory job evaluation was fully explained. Aggarwal's claim that it was devoid of specifics is belied by the document itself.

Because Aggarwal's appeal did not plead facts sufficient to support a finding of discrimination, the Commission did not abuse its discretion by denying reconsideration. Accordingly, we affirm the order of the Commission dismissing his request for reconsideration.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bhagwan Aggarwal,       :
      Petitioner    :
           :
    v.         :  No. 683 C.D. 2018
           :
State Civil Service Commission,   :
      Respondent   :

# **O R D E R**

AND NOW, this 23rd day of January, 2019, the order of the State Civil Service Commission dated April 19, 2018 in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge